The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered all of the evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and through a Pre-Trial Agreement dated 3 December 1996 as:
 STIPULATIONS
1. Plaintiff earned sufficient wages at the times in question to be entitled to the relevant maximum compensation rate.
2. On 11 September 1994 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer to her right shoulder and neck.
3. Plaintiff's medical records were stipulated into evidence.
 ***********
Based upon the evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. On 11 September 1994 plaintiff was working as a tire builder for defendant-employer. While performing her duties on said date, a rack which advances tires automatically was malfunctioning, requiring plaintiff to manually push the rack and tires.
2. When plaintiff began to push on the rack, it did not advance and she felt a popping in her neck and shoulders and the immediate onset of pain. This incident constituted an injury by accident arising out of and in the course of her employment.
3. The next day, plaintiff experienced neck and right shoulder stiffness and sought medical treatment at the emergency room of Wilson Memorial Hospital. Thereafter, plaintiff continued to experience arm, neck and shoulder pain, as well as radiating pain into her arms and hands with numbness and tingling in these areas.
4. As a result of plaintiff's injury by accident, plaintiff was examined and treated by Dr. Michael C. Bowen and Dr. Lawrence D. Krabill at Wilson Immediate Care and Dr. Robert A. Appert. Dr. Appert determined that plaintiff had a chiari malformation, which is a congenital disorder.
5. Because plaintiff continued to experience pain in her upper back, shoulders and neck, she requested a second opinion. Plaintiff's request was granted and she was scheduled to be examined by Dr. Dennis Bullard. Plaintiff saw Dr. Bullard on only one occasion.
6. Dr. Appert and Dr. Bullard released plaintiff from their care to return as needed. Neither physician was of the opinion that plaintiff's symptoms were caused by an aggravation of her chiari malformation.
7. Prior to plaintiff's injury on 11 September 1994, she was unaware that she had a congenital disorder and had not experienced any pain in her neck, arms or shoulders and had not experienced radiating pain, numbness or tingling in her arms and hands.
8. Because of her continued symptoms, plaintiff consulted with Dr. David Tomaszek on 3 January 1996. Dr. Tomaszek treated plaintiff regularly thereafter through August 1996. Dr. Tomaszek performed a laminectomy and craniotomy in June 1996.
9. Plaintiff experienced neurologic symptoms consistent with an aggravated chiari malformation immediately after her injury by accident on 11 September 1994. These symptoms continued until Dr. Tomaszek performed corrective surgery in June 1996
10. The parties stipulated Dr. Tomaszek as an expert witness because of his experience in treating patients suffering from chiari malformations. The Full Commission is in as good a position as the Deputy Commissioner to judge the credibility of physicians based on the written transcripts from their depositions. Having examined all of the medical evidence of record, the Full Commission gives greater weight to the opinions expressed by Dr. Tomaszek than the opinions of Dr. Appert and Dr. Bullard.
11. Plaintiff's injury by accident of 11 September 1994 materially aggravated her pre-existing chiari malformation, causing this previously asymptomatic condition to become symptomatic.
12. The medical treatment plaintiff received from Dr. Tomaszek from January 1996 through August 1996 was reasonably required as the result of her injury by accident of 11 September 1994 and provided relief to plaintiff towards the shortening of her period of disability.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a specific traumatic incident and injury by accident arising out of and in the course of her employment with defendant-employer on 11 September 1994. G.S. § 97-2(6).
2. Plaintiff's injury by accident on 11 September 1994 materially aggravated her pre-existing chiari malformation, causing it to become symptomatic. Id.
3. The treatment plaintiff received from Dr. David Tomaszek as the result of her injury by accident and its aggravation of her chiari malformation was reasonably required to effect a cure, provide relief and lesson her period of disability. G.S. §97-25.
4. As the result of her injury by accident and its aggravation of her chiari malformation, plaintiff is entitled to have defendant pay for all medical expenses incurred or to be incurred, including the treatment provided by Dr. Tomaszek.Id.; G.S. § 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay for all medical expenses incurred or to be incurred as the result of plaintiff's injury by accident on 11 September 1994 and its aggravation of her chiari malformation, including the treatment provided by Dr. Tomaszek.
2. Defendant shall pay the costs.
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_____________ DIANNE C. SELLERS COMMISSIONER